HB Doc. No. 167776

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Diamond Antenna & Microwave Corp.,

                                                    Case No.

                                    Plaintiff,

                                                    COMPLAINT
        - against -

SeoulBank n/k/a Hana Bank; Seoul Bank New York
Agency n/k/a Hana Bank; Uniti Bank; Paragon Systems,
LLC; Hanna Ahn, individually; and John Ahn,
Individually,

                                    Defendants.
------------------------------------------------------------X

        Upon information and belief, plaintiff, Diamond Antenna & Microwave Corp.

("Diamond") complains of and alleges the following against defendants SeoulBank n/k/a Hana

Bank ("Seoul Bank Korea"), Seoul Bank New York Agency n/k/a Hana Bank ("Seoul Bank New

York"), Uniti Bank ("Uniti"), Paragon Systems, LLC ("Paragon"), Hanna Ahn and John Ahn:

                        **PARTIES, JURISDICTION AND VENUE**

        1.      Diamond is a Delaware corporation with a principal place of business in Littleton,

Massachusetts.

        2.      Paragon is a California limited liability corporation with a principle place of

business in Fullerton, California.

        3.      Hanna Ahn was a partner, principle, officer and/or director of Paragon at all times

relevant to this case.

        4.      Hanna Ahn is a resident of the State of California.

        5.      John Ahn was a partner, principle, officer and/or director of Paragon at all times

relevant to this case.

6.    John Ahn is a resident of the State of California.

7.    Uniti is a banking institution with a principle place of business in Buena Park, California.

8.    Seoul Bank Korea was a banking institution with a principle place of business in Seoul, Korea at the time it issued Letter of Credit No. M2001111GS90147.

9.    Seoul Bank Korea was acquired by Hana Bank after issuing Letter of Credit No. M2001111GS90147.

10.    Hana Bank assumed all rights, obligations, and liabilities arising out of Letter of Credit No. M2001111GS90147 as a result of its acquisition of Seoul Bank Korea.

11.    Hana Bank is foreign bank which has been granted a license by the New York Superintendent of Banks to operate a branch, agency or representative office in New York.

12.    Hana Bank has appointed the New York Superintendent of Banks to accept service in any action or proceeding against it that arise out of transactions with its New York branch(es).

13.    Seoul Bank Korea has engaged, and continues to engage, in commercial activity in New York State.

14.    Personal jurisdiction over Seoul Bank Korea exists when proper service is made under 28 U.S.C. § 1608. 28 U.S.C. § 1330(b).

15.    Seoul Bank Korea may be served with process pursuant to the Hague Convention on Service Abroad of Judicial Extrajudicial Documents. The provided Request For Service of Judicial or Extrajudicial Documents (USM Form 94) along with the appropriate translations shall be sent to:

Director of International Affairs
Ministry of Court Administration
967, Seocho-dong
Seocho-gu, SEOUL 137-750
Republic of Korea

Such service is proper under 28 U.S.C. § 1608(a)(2) (1976 & Supp. 1995).

16.    Seoul Bank New York was a banking institution with a principle place of business in New York, New York before being acquired by Hana Bank.

17.    Hana Bank assumed all rights, obligations, and liabilities arising out of Letter of Credit No. M2001111GS90147 as a result of its acquisition of Seoul Bank New York.

18.    Seoul Bank New York may be served with process at 650 Fifth Avenue, New York, New York.

19.    Seoul Bank New York is an officer, a managing or general agent, or an agent otherwise authorized by appointment or by law to receive service of process in the Unites States within the meaning of 28 U.S.C. § 1608(b)(2).

20.    Seoul Bank New York has engaged, and continues to engage, in commercial activity in New York State.

21.    Seoul Bank New York is a federal branch of Seoul Bank Korea within the meaning of International Banking Act. 12 C.F.R. § 28.2 (1995).

22.    Seoul Bank New York is a federal branch of Seoul Bank Korea, with its principal place of business in the New York State.

23.    Service on Seoul Bank New York constitutes service against Seoul Bank Korea. 12 C.F.R. § 28.11 (1995).

24.    This Court has subject matter jurisdiction over this action by virtue of diversity of citizenship.

3

25. This Court has subject matter jurisdiction over this action by virtue of a federal question.

26. United States District Courts have subject matter jurisdiction over actions involving interstate commerce.

27. United States District Courts have subject matter jurisdiction over actions involving international commerce.

28. This court has subject matter jurisdiction over this action under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1332(a)(2), (4), 1391(f), 1441(d), 1602-1611 (1976).

29. United States District Courts have original jurisdiction for civil claims against foreign states, without regard to amount in controversy. 28 U.S.C. § 1330(a).

30. United States District Courts have jurisdiction over foreign states that engage in commercial activity as set forth in 28 U.S.C. § 1605(a)(2).

31. Seoul Bank Korea is an "agency" and/or "instrumentality" as defined by 28 U.S.C. § 1603.

32. Seoul Bank Korea is an agency or instrumentality of the Republic of Korea.

33. A civil action against a foreign state may be brought "in any judicial district in which a substantial part of the events . . . giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(f).

34. The amount in controversy herein exceeds $168,000, exclusive of interest and costs.

## UNDERLYING FACTS

35.    In or about May, 2001, the Defense Procurement Agency for the Republic of Korea ("DPA") sought to purchase eight (8) rotary couplers and eleven (11) electron tubes from Paragon.

36.    DPA thereafter applied to Seoul Bank Korea for a letter of credit to fund the transaction.

37.    On or about November 2, 2001, Seoul Bank Korea issued DPA Letter of Credit No. M2001111GS90147 (hereinafter "the Letter of Credit") in the amount of US$464,405.00. (A copy of the Letter of Credit is annexed as Exhibit "A").

38.    Paragon was named the Beneficiary of the Letter of Credit. (See Exhibit "A").

39.    The Letter of Credit is governed by the Uniform Customs and Practice for Documentary Credits, 1993 Revision, ICC Publication No. 500 ("UCP 500"). (See Exhibit "A").

40.    On or about August 22, 2002, Paragon entered into a Purchase Order Contract with Diamond whereby, for a total cost of US$168,184.00, Diamond would deliver eight (8) rotary couplers to World Express Air/Sea, Inc. ("World Express"), the entity nominated to forward the goods to DPA under the terms of the Letter of Credit. (A copy of the Purchase Order Contract is annexed as Exhibit "B").

41.    Defendant Hanna Ahn signed the Purchase Order Contract on behalf of Paragon. (See Exhibit "B").

42.    Paragon assigned Diamond US$168,184.00 of its benefits under the Letter of Credit in consideration for Diamond's performance under the Purchase Order Contract. (A copy of the Assignment is annexed as Exhibit "C"; see also Exhibit "B").

5

43.    In order to effect payment under the Letter of Credit, Paragon was required to submit certain documents to Seoul Bank Korea. including a sight draft, bill of lading, commercial invoice, packing list, and inspection certificate. (See Exhibit "A").

44.    Payment under the Letter was credit was also contingent upon DPA issuing and/or receiving a Certificate of Receipt. (See Exhibit "A").

45.    The terms of the Purchase Order Contract provided, that when Diamond completed shipment, Paragon would timely submit to Seoul Bank Korea the documents required to generate payment under the Letter of Credit. (See Exhibit "B").

46.    Paragon entered into an agreement with Uniti, whereby Uniti was responsible for presenting to Seoul Bank Korea the documentation required to effectuate payment under the Letter of Credit.

47.    On or about January 30, 2003, Diamond shipped eight (8) rotary couplers to World Express in full performance of its contract with Paragon.

48.    On or about February 18, 2003, World Express forwarded the eight (8) rotary couplers to DPA via Pusan, Korea, as called for in the Letter of Credit. (See Exhibit "A").

49.    DPA received the eight (8) rotary couplers.

50.    DPA issued and/or received a Certificate of Receipt.

51.    Uniti claims that all documents required to effect payment under the Letter of Credit were presented to Seoul Bank Korea on or before February 27, 2003.

52.    Diamond has been unable to determine whether Uniti ever presented to Seoul Bank Korea all of the documents required to effect payment under the Letter of Credit.

53.    Seoul Bank Korea has refused to pay Diamond the US$168.184.00 it is due under the Letter of Credit and the Assignment.

6

54.     Seoul Bank Korea has yet to inform any party that it has taken up or refused the documents presented by Uniti.

55.     Seoul Bank Korea yet to provide any party with a reason for its failure to pay Diamond.

56.     Seoul Bank New York has refused to pay Diamond the US$168.184.00 it is due under the Letter of Credit and the Assignment.

57.     On or about September 8, 2004, Diamond corresponded with Seoul Bank New York in an effort to determine why payment has not been received.   (A copy of the correspondence is annexed as Exhibit "D").

58.     Seoul Bank New York has thus far failed to respond to Diamond's September 8, 2004 correspondence.

59.     DPA has refused to pay Diamond the US$168.184.00 it is due under the Letter of Credit and the Assignment.

60.     DPA has stated that its refusal to pay Diamond is based in part on the fact that Paragon was convicted of criminal activities in the Republic of Korea.

61.     DPA has stated that its refusal to pay Diamond is based in part on the fact that Paragon has intentionally failed to perform the balance of the contract funded by Letter of Credit No. M2001111GS90147.

62.     Paragon has failed to pay Diamond the US$168.184.00 it is due under the Letter of Credit and the Assignment.

## ALLEGATIONS

### As and For a First Cause of Action
### Against Seoul Bank Korea

63.    When the beneficiary of a letter of credit seeks to effectuate payment by presenting the documents required to do so, the issuing bank must inform that party of its intention to take up or reject the documents within seven (7) banking days after the presentation is made.  See UCP 500 Art. 13(b).

64.    Seoul Bank Korea did not take up or refuse the documents presented to it by Uniti on behalf of Paragon within seven (7) banking days of the presentation

65.    By failing to comply with UCP 500 Art. 13(b), Seoul Bank Korea waived its right to claim that the documents presented to it by Uniti on behalf of Paragon are not in compliance with the terms and conditions of the Letter of Credit.  See UCP 500 Art. 14(e).

66.    As a result of the foregoing, Seoul Bank Korea is required to pay Diamond US$168.184.00 pursuant to the terms of the Letter of Credit.

67.    As a result of the foregoing, Seoul Bank Korea is required to pay Diamond US$168.184.00 pursuant to the terms of the Assignment.

### As and For A Second Cause of Action
### Against Seoul Bank Korea

68.    Diamond repeats and reiterates each of the above allegations as if they were asserted herein.

69.    Where all of the documents required to effectuate payment under a letter of credit have been presented to the issuing bank, an assignee of the proceeds of the letter of credit has standing to sue the bank for non-payment.  See *Optopics Labs. Corp. v. Savannah Bank of Nigeria*, 816 F.Supp. 898; 1993 U.S. Dist. LEXIS 3477 (S.D.N.Y. 1993).

8

70.    Uniti has presented Seoul Bank Korea all of the documents required to effectuate payment under Letter of Credit No. M2001111GS90147.

71.    DPA has issued and/or received the requisite Certificate of Receipt.

72.    Seoul Bank Korea is obligated to distribute to Diamond a portion of the Letter of Credit proceeds equal to US$168,184.00.

73.    Seoul Bank Korea has failed to distribute any of the Letter of Credit proceeds to Diamond.

74.    Seoul Bank Korea is therefore liable to Diamond in the amount of US$168,184.00 plus costs and disbursements to date.

**As and For a Third Cause of Action**
**Against Seoul Bank New York**

75.    Diamond repeats and reiterates each of the above allegations as if they were asserted herein.

76.    Where all of the documents required to effectuate payment under a letter of credit have been presented to the issuing bank, an assignee of the proceeds of the letter of credit has standing to sue the bank for non-payment. See *Optopics Labs. Corp. v. Savannah Bank of Nigeria*, 816 F.Supp. 898; 1993 U.S. Dist. LEXIS 3477 (S.D.N.Y. 1993).

77.    Uniti has presented Seoul Bank New York all of the documents required to effectuate payment under Letter of Credit No. M2001111GS90147.

78.    DPA has issued and/or received the requisite Certificate of Receipt.

79.    Seoul Bank New York is obligated to distribute to Diamond a portion of the Letter of Credit proceeds equal to US$168,184.00.

80.    Seoul Bank New York has failed to distribute any of the Letter of Credit proceeds to Diamond.

81.    Seoul Bank New York is therefore liable to Diamond in the amount of US$168,184.00 plus costs and disbursements to date.

### As and For a Fourth Cause of Action
### Against Seoul Bank Korea

82.    Diamond repeats and reiterates each of the above allegations as if they were asserted herein.

83.    At all times relevant to this action, Seoul Bank New York was a subsidiary of Seoul Bank Korea.

84.    At all times relevant to this action, Seoul Bank New York was an agent of Seoul Bank Korea.

85.    At all times relevant to this action Seoul Bank New York was a branch of Seoul Bank Korea.

86.    Seoul Bank New York is obligated to distribute to Diamond a portion of the Letter of Credit proceeds equal to US$168,184.00.

87.    Seoul Bank New York has failed to distribute any of the Letter of Credit proceeds to Diamond.

88.    Seoul Bank Korea is vicariously liable for the failures of Seoul Bank New York.

89.    Seoul Bank Korea is therefore liable to Diamond in the amount of US$168,184.00 plus costs and disbursements to date.

### As and For a Fifth Cause of Action
### Against Paragon

90.    Diamond repeats and reiterates each of the above allegations as if they were asserted herein.

91.    Diamond has performed all of its obligations under the terms of its Purchase Order Contract with Paragon.

92.    Paragon is obligated, pursuant to the terms of the Purchase Order Contract, to ensure that Seoul Bank Korea is presented with the documents required to effect payment under the Letter of Credit.

93.    Paragon breached its contract with Diamond by failing to ensure that Seoul Bank Korea was presented with the documents required to effect payment under the Letter of Credit.

94.    Paragon is therefore liable to Diamond in the amount of US$168,184.00 plus costs and disbursements to date.

**As and For a Sixth Cause of Action
Against Uniti**

95.    Diamond repeats and reiterates each of the above allegations as if they were asserted herein.

96.    Uniti entered into an agreement with Paragon whereby it assumed Paragon's responsibility to provide Seoul Bank Korea with the documents required to effect payment under the Letter of Credit.

97.    Uniti had actual and/or constructive notice that Diamond was an intended beneficiary of its agreement to assume Paragon's responsibility for providing Seoul Bank Korea with the documents required to effect payment under the Letter of Credit.

98.    Uniti breached its agreement with Paragon by failing to provide Seoul Bank Korea with all of the documents required to effect payment under the Letter of Credit.

99.    Uniti is therefore liable to Diamond in the amount of US$168,184.00 plus costs and disbursements to date.

11

### As and For a Seventh Cause of Action
### Against Paragon

100.    Diamond repeats and reiterates each of the above allegations as if they were asserted herein.

101.    At all times relevant to this action, Uniti was an agent of Paragon.

102.    By the terms of its agency, Uniti was obligated to provide Seoul Bank Korea with all of the documents required to effect payment under the Letter of Credit.

103.    Uniti had actual and/or constructive notice that Diamond was an intended beneficiary of its agency relationship with Paragon.

104.    Uniti failed to provide Seoul Bank Korea with all of the documents required to effect payment under the Letter of Credit.

105.    Paragon is therefore vicariously liable to Diamond in the amount of US$168,184.00 plus costs and disbursements to date.

### As and For a Eighth Cause of Action
### Against Paragon

106.    Diamond repeats and reiterates each of the above allegations as if they were asserted herein.

107.    Paragon had actual and/or constructive notice that Diamond was an intended beneficiary of its contract with DPA.

108.    Paragon intentionally breached its contract with DPA.

109.    Diamond was irreparably injured by Paragon's intentional breach of its contract with DPA.

110.    Paragon is therefore liable to Diamond in the amount of US$168,184.00 plus costs and disbursements to date.

## As and For a Ninth Cause of Action
## Against Hanna Ahn, Individually

111.   Diamond repeats and reiterates each of the above allegations as if they were asserted herein.

112.   Hanna Ahn was a partner, principle, officer and/or director of Paragon at all times relevant to this case.

113.   Hanna Ahn signed the Purchase Order Contract with Diamond on behalf of Paragon.

114.   Paragon breached its contract with Diamond by failing to provide Seoul Bank Korea with all of the documents required to effect payment under the Letter of Credit.

115.   Paragon is vicariously liable to Diamond for Uniti's failure to provide Seoul Bank Korea with all of the documents required to effect payment under the Letter of Credit.

116.   Hanna Ahn is personally liable to Diamond for Paragon's breach of contract.

117.   Hanna Ahn is personally liable to Diamond for Paragon's vicarious liability for Uniti's failure to provide Seoul Bank Korea with all of the documents required to effect payment under the Letter of Credit.

118.   Hanna Ahn is personally liable to Diamond in the amount of US$168,184.00 plus costs and disbursements to date.

## As and For a Tenth Cause of Action
## Against Hanna Ahn, Individually

119.   Diamond repeats and reiterates each of the above allegations as if they were asserted herein.

120.   Paragon had actual and/or constructive notice that Diamond was an intended beneficiary of its contract with DPA.

13

121. Hanna Ahn had actual and/or constructive notice that Diamond was an intended beneficiary of its contract with DPA.

122. Paragon intentionally breached its contract with DPA.

123. Hanna Ahn had actual and/or constructive notice of Paragon's intention to breach its contract with DPA.

124. Hanna Ahn approved and/or ratified Paragon's intentional breach of its contract with DPA.

125. Hanna Ahn is therefore liable to Diamond in the amount of US$168,184.00 plus costs and disbursements to date.

### As and For an Eleventh Cause of Action
### Against John Ahn, Individually

126. Diamond repeats and reiterates each of the above allegations as if they were asserted herein.

127. John Ahn was a partner, principle, officer and/or director of Paragon at all times relevant to this case.

128. Paragon breached its contract with Diamond by failing to provide Seoul Bank Korea with all of the documents required to effect payment under the Letter of Credit.

129. Paragon is vicariously liable to Diamond for Uniti's failure to provide Seoul Bank Korea with all of the documents required to effect payment under the Letter of Credit.

130. John Ahn is personally liable to Diamond for Paragon's breach of contract.

131. John Ahn is personally liable to Diamond for Paragon's vicarious liability for Uniti's failure to provide Seoul Bank Korea with all of the documents required to effect payment under the Letter of Credit.

132.    John Ahn is personally liable to Diamond in the amount of US$168,184.00 plus costs and disbursements to date.

### As and For an Twelfth Cause of Action
### Against John Ahn, Individually

133.    Diamond repeats and reiterates each of the above allegations as if they were asserted herein.

134.    Paragon had actual and/or constructive notice that Diamond was an intended beneficiary of its contract with DPA.

135.    John Ahn had actual and/or constructive notice that Diamond was an intended beneficiary of its contract with DPA.

136.    Paragon intentionally breached its contract with DPA.

137.    John Ahn had actual and/or constructive notice of Paragon's intention to breach its contract with DPA.

138.    John Ahn approved and/or ratified Paragon's intentional breach of its contract with DPA.

139.    John Ahn is therefore liable to Diamond in the amount of US$168,184.00 plus costs and disbursements to date.

**WHEREFORE,** Diamond demands that judgment be entered against the defendants in the amount of US$168,184.00, including pre- and post- judgment interest at the maximum legal rate; plus attorney's fees and costs; as well as such other and further relief to which Diamond may show itself justly entitled.

Dated: New York, New York
        April 29, 2005

HARRIS BEACH, PLLC

Cynthia Weiss Antonucci (CWA-6418)
805 Third Avenue, 20th Floor
New York, NY 10022
(212) 687-0100

16

Exhibit A

**SEOUL** BANK

DATE:    NOV. 02, 2001

MAIL
TO
PARAGON SYSTEMS LLC
211 E. IMPERIAL HWY SUITE NO. 202-204
FULLERTON, CA 90602

RE:

| Our ref:<br>NYAD-210140 | Correspondent's<br>L/C No. M2001111GS90147 | Amount<br>USD464405.00 |
|---|---|---|
| Our Correspondent<br>BSEOKRSEXXX SEOUL | | |

Instructions dated

| NOV. 02. 2001 |
|---|

Gentlemen:
PLEASE BE GUIDED BY THE CLAUSE INDICATED BY "X"

[X] At the request of our correspondent indicated above, we are enclosing their letter of credit established in your
We request that you present two additional non-negotiable copies of bill of lading and one additional copy
of all other documents required on the L/C. Please submit original letter of credit for negotiation/payment.

[ ] At the request of our correspondent indicated above, we are enclosing confirmation of their credit for which we
have already advised you.

[ ] At the request of our correspondent indicated above, we are enclosing amendment to their letter of credit
established in your favor.

[ ] We are in receipt of a cable/advice from our correspondent indicated above which reads as follows.

[X] All banking commissions and charges are for account of the beneficiary. Accordingly, we will deduct our charge
from payment.

Our current charges are as follows:
| | |
|---|---|
| Payment Commission | : One-tenth of one percent (minimum: US$90.00) |
| L/C Advising Commission | : Original L/C US$75.00<br>Amendment US$60.00 each<br>Preliminary Advice US$ |
| Discrepancy Fee | : US$60.00 |
| Money Transfer Fee | : US$20.00 |
| Check Issuance Fee | : US$15.00 |
| L/C Confirmation Charge | : One tenth of one percent (minimum US$90.00) for<br>each three month period of paid interest |
| Other Charges | : Various |

We assume no responsibility of any errors and/or ommissions in the transmission and/or translation of the cable
and we reserve the right to make such correction as may be necessary upon receipt of the mail confirmation.

[ ] Please note that the above is given to you in accordance with instructions of the said correspondent and conveys
no engagement by us.

This credit is subject to the Uniform
Customs and Practice for Documentary
Credits (1993 Revision), International
Chamber of Commerce
Publication No 500)

Very truly yours,

Authorized Signature.

Form NY - EX 021

**SEOUL** BANK New York Agency
280 Park Avenue West Bldg. 24th Fl., New York, NY 10017  TEL(212) 687-6160  FAX(212) 818-1721  SWIFT: BSEOUS33  TELEX: 127718

```
                                            ORIGINAL MESSAGE
                                            ADVICE NO. NYAD-210140

From:  BSEOKRSEXXX
Mtype  :  700         Issue of a Documentary Credit
Sequence of Total                27 : 1/2
Form of Documentary Credit       40A: IRREVOCABLE
Documentary Credit Number        20 : M2001111GS90147
Date of Issue                    31C: 011102
Date and Place of Expiry              *Date   *Place
                                 31D: 040502 IN BENEFICIARY'S COUNTRY
Applicant                        50 : DEFENSE PROCUREMENT AGENCY,
                                      MINISTRY OF NATIONAL DEFENSE,
                                      REPUBLIC OF KOREA
Beneficiary                      59 : PARAGON SYSTEMS LLC (SUITE NO. 202-204)
                                      211 E. IMPERIAL HWY FULLERTON,
                                      CA 90602, U.S.A.
Currency Code, Amount                 *Curr. *Amount
                                 32B: USD464,405.00
Available with...by...           41D: ANY BANK
                                      BY NEGOTIATION
Drafts at...                     42C: AT SIGHT
Drawee                           42D: SEOULBANK, SEOUL
Partial Shipments                43P: ALLOWED
Transshipment                    43T: NOT ALLOWED
Loading on Board/Dispatch/Taking in Charge at/from...
     44A: LOS ANGELES PORT, U.S.A.
For Transportation to...
     44B: PUSAN PORT, KOREA
Latest Date of Shipment          44C: 031102
Description of Goods and/or Services
     45A: S/P FOR AN/GPS-100    Q'TY 2 L/I  USD464,405.00
          FCA LOS ANGELES PORT, U.S.A.
Documents Required
     46A: +SIGHT DRAFT(S)
          +FULL SET OF CLEAN ON BOARD OCEAN BILL OF LADING WITH THREE(3)
           COPIES CONSIGNED TO 'DEFENSE TRANSPORTATION COMMAND,PUSAN,   '
           REPUBLIC OF KOREA,' MARKED 'FREIGHT COLLECT' AND 'NOTIFY
           DEFENSE PROCUREMENT AGENCY, MND, ROK', WHICH ARE ISSUED BY THE
           CARRIER NAMED IN THIS LETTER OF CREDIT.
          +ONE(1) ORIGINAL AND FIIVE(5) SIGNED COPIES OF DETAILED
           COMMERCIAL INVOICE OF THE COMMODITY OR ANY PART THEREOF SHIPPED.
          +ONE(1) ORIGINAL AND FIVE(5) SIGNED COPIES OF PACKING LIST
           REPRESENTING PACKING DETAILS.
          +ONE(1) ORIGINAL AND FIVE(5) SIGNED COPIES OF MANUFACTURER'S
           INSPECTION CERTIFICATE.

                                            To  Be  Continued
```

```
                                                     ORIGINAL MESSAGE
                                                     ADVICE NO. NYAD-210140
Charges                          71B: ALL BANKING CHARGES OUTSIDE KOREA,
                                       TELEX/SWIFT CHARGES AND
                                       REIMBURSEMENT FEES
                                       ARE FOR BENEFICIARY'S ACCOUNT
Confirmation Instructions        49 : WITHOUT
Instructions to the Paying/Accepting/Negotiating Bank
          78 : +THE AMOUNT OF EACH DRAWING MUST BE ENDORSED ON THE REVERSE OF
                THIS CREDIT
               +BENEFICIARY'S DRAFT AND ALL DOCUMENTS MUST BE FORWARDED DIRECTLY
                TO SEOULBANK, SEOUL BY ONE LOT EXPRESS COURIER
               +UPON RECEIPT OF ALL DOCUMENTS AND DRAFT IN CONFORMITY WITH THE
                TERMS AND CONDITIONS OF THIS CREDIT, WE SHALL REMIT THE PROCEEDS
                TO THE BANK DESIGNATED BY YOU.
Sender to Receiver Information72 : SUBJECT TO UCP ICC PUB 500 1993
                                   MAILING ADDRESS:
                                   SEOULBANK, SEOUL, L/C BUSINESS DIV.
                                   10-1, NAMDAEMUN-RO 2-GA CHUNG-KU,
                                   C.P.O. BOX 276, SEOUL KOREA
                                   (TLX NO.K23311 SWIFT:BSEOKRSEXXX)

* * * * * * * * *    End of Message    * * * * * * * * * *
```

THIS LETTER OF CREDIT IS NULL AND VOID UNLESS
THE RELEVANT COVERING LETTER IS ATTACED.

THIS IS AUTHENTICATED COPY OF THE TLX WHICH IS
KEPT IN OUR FILES UNDER OUR REF.NO. NYAD-210140
SEOUL BANK. NEW YORK AGENCY
280 PARK AVENUE
NEW YORK, N.Y. 10017-1296

Original message

S-701      Issue of a Documentary Credit

Message No. : 011102-EP-015
From : BSEOKRSEXXX      SEOULBANK    SEOUL
Their Ref. : 2001110200268749
Their MIR  : 011102BSEOKRSEAXXX4058973259

Sequence of Total              27 : 2/2
Documentary Credit Number      20 : M2001111GS90147
Additional Conditions
      47B: 1.NUMBER OF THE CONTRACT
           ALL DOCUMENTS PRESENTED UNDER THIS CREDIT MUST BEAR AND CONTAIN
           THE CONTRACT NO.KFX-DPA-12DD17414 AND CREDIT NO.M2001111GS90147
         2.PERFORMANCE BOND
           (A)THE BENEFICIARY SHALL PROVIDE TO THE PURCHASER THROUGH
           SEOULBANK, SEOUL,KOREA A PERFORMANCE BOND FOR USD46,440.50 EQUAL
           TO TEN PERCENT(10PCT) OF THE TOTAL CREDIT AMOUNT WITHIN THIRTY
           (30) DAYS AFTER THE DATE OF ISSUE OF THIS CREDIT.
           (B)THE PERFORMANCE BOND SHALL BE ESTABLISHED IN THE FORM OF CASH
           DEPOSIT OR STAND-BY LETTER OF CREDIT IN FAVOR OF THE APPLICANT.
           IN CASE IT IS STNAD-BY L/C,THE PERFORMANCE BOND SHALL BE ISSUED
           SUBJECT TO THE UNIFORM CUSTOMS AND PRATICE FOR DOCUMANTARY
           CREDITS(1993 REVISION THE INTERNATIONAL CHAMBER OF COMMERCE,
           PUBLICATION NO.500) AND IT SHALL BE ISSUED BY A BANK RATED AS OF
           HIGH FINANCIAL STRENGTH GRADE BY INTERNATIONAL CREDIT RATING
           AGENCIES,SUCH AS MOODY'S,S AND,P AND FITCH IBCA IN THE FORMAT AS
           SHOWN IN ANNEX 3 IN THE CONTRACT.THE PERFORMANCE BOND MIGHT ALSO
           BE IN THE FORM OF SURETY BOND WHEN ESTABLISHED BY THE COMMISSION
           AGENT ON BEHALF OF THE SELLER.
           (C)THE PERFORMANCE BOND SHALL NOT BE AMENDED,MODIFIED OR
           CANCELLED WITHOUT PRIOR CONSENT BY THE APPLICANT,AND BE VALID
           UNTIL TWENTY SIX(26) MONTHS FROM THE LATEST DATE FOR DELIVERY
           SPECIFIED IN THIS CREDIT OR TWENTY FOUR(24) MONTHS FROM THE
           RECEIPT DATE OF THE PRODUCT BY THE BUYER, WHICHEVER COMES
           EARLIER, AT SEOULBANK,SEOUL,KOREA.
           (D)IN CASE THE BENEFICIARY COMMITTED A MATERIAL BREACH OF THE
           CONTRACT AS DEFINED IN ARTICLE 13,THE PERFORMANCE BOND IN THE
           FORM OF STAND-BY L/C SHALL BE PAYABLE AT SIGHT AT THE COUNTERS
           OF SEOULBANK,SEOUL,KOREA UPON THE APPLICANT'S REQUEST THEREOF.
           (E)IN CASE ANY DELAY IN DELIVERY SCHEDULE IS GRANTED BY THE
           APPLICANT AND THE LATEST DATE FOR DELIVERY IS CONSEQUENTLY
           EXTENTED FOR A GIVEN PERIOD,THE VALIDITY OF THE PERFORMANCE BOND
           SHALL BE EXTENDED FOR AN EQUAL GIVEN PERIOD.UPON SUCH AN
           EXTENTION,THE BENEFICIARY SHALL NOTIFY THE APPLICANT THROUGH

SEOULBANK,SEOUL,KOREA WITHOUT DELAY.THE BENEFICIARY'S FAILURE TO
EXTEND SUCH VALIDITY SHALL BE GOVERNED BY ARTICLE 13 OF THE
CONTRACT.
3.LIQUIDATED DAMAGES FOR DELAYED DELIVERY
 (A)IN CASE THE BENEFICIARY FAILS TO DELIVER THE COMMODITY WITHIN
THE PERIOD STIPULATED IN THIS CREDIT,LIQUIDATED DAMAGES SHALL BE
LEVIED AT THE RATE OF FIFTEEN(15) HUNDREDTH OF ONE PERCENT
(0.15PCT) OF THE INVOICE AMOUNT OF THE DALAYED DELIVERY PER DAY,
REGARDLESS OF THE CURE PERIOD MENTIONED IN ARTICLE 13 OF THE
CONTRACT.THE AMOUNT OF THE LIQUIDATED DAMAGES SHALL BE DEDUCTED
FROM THE MONEY PAYABLE FOR THE DELIVERED COMMODITY.
 (B)IN CASE THE BENEFICIARY DELIVERS EITHER DIFFERENT COMMODITY
OR SHORTAGE IN QUANTITY,LIQUIDATED DAMAGES SHALL BE LEVIED AT
THE RATE OF FIFTEEN(15) HUNDREDTH OF ONE PERCENT(0.15PCT) OF THE
INVOICE AMOUNT OF THE DALAYED DELIVERY PER DAY IF THE CURE IS
NOT COMPLETED AFTER GIVEN CURE PERIOD BY THE LATEST DELIVERY
DATE.
 (C)THE TOTAL AMOUNT OF THE LIQUIDATED DAMAGES SHALL NOT EXCEED
TEN PERCENT(10 PCT) OF THE CONTRACT AMOUNT.IF THE COMMODITIES
UNDER THE CONTRACT ARE SUPPLIED WITH TWO P.R. NOS OR MORE,THE
MAXIMUM TOTAL AMOUNT OF THE LIQUIDATED DAMAGES SHALL BE TEN
PERCENT(10 PCT) OF THE TOTAL AMOUNT UNDER THE RELEVANT P.R.NO.
4.CARRIER NOMINATED BY THE APPLICANT
 NAME:WORLD EXPRESS AIR/SEA INC.
 ADDR:520 CARSON PLAZA COURT NO.205 CARSON, CA90746, U.S.A.
 ATTN:MR. DANIEL LEE
 TEL:1-310-719-2500  FAX:1-310-719-2555
5.PAYMENT SHALL BE MADE AFTER THE APPLICANT HAS RECEIVED THE
 CERTIFICATE OF RECEIPT,WHICH WILL BE ISSUED BY THE END-USER AS
 SHOWN IN ANNEX 4 TO THE CONTRACT.
6.ALL OTHER DATAILS ARE AS PER THE CONTRACT NO.:KFX-DPA-12DD17414
Trailer                      : MAC:42A3D4E1
                               CHK:855AB3D65780

\* \* \* \* \* \* \* \* \* \*    End  of  Message    \* \* \* \* \* \* \* \* \* \*

Exhibit B

# PARAGON SYSTEMS LLC

211 E. Imperial Hwy., Suite 202, Fullerton, CA 92835
Tel. (714) 278-0100  Fax (714) 278-1700
E-mail: ksc1usa@aol.com

## PURCHASE ORDER CONTRACT

**Date:** **August 22, 2002**            **P.O. NO.:**    KFX-DPA-12DD17414

**Seller:**  Diamond Antenna and            **Purchaser:**   Paragon Systems LLC
Microwave Corporation                         211 E. Imperial Hwy. #202
95 Rock Street                                         Fullerton, CA 92835
Lowell, MA 01854

### 1. COMMODITY DESCRIPTION:

| L/I | PART NO. | DESCRIPTION | QTY | U/P | TOTAL |
|-----|----------|-------------|-----|-----|-------|
| 1 | 199402-1 (Diamond P/N 2409-0) | Rotary Coupler | 8 | $21,023.00 | $168,184.00 |

The above price includes for Delivery To:     World Express Air/Sea, Inc.
(Nominated Freight Forwarder of the DPA under the Letter of Credit )
520 Carson Plaza Court, No. 205, Carson, CA 90746
Tel. (310) 719-2500  Fax (310) 719-2555

### 2. TERMS AND CONDITIONS:

**(1) Material Condition:**
New Manufacture, unused

**(2) Specifications:**
**As per the specifications of and in full compliance with**
ITT Part Number 199402-1 Rev. G

**(3) Packing:**
Standard Seaworthy Commercial Packing

**(4) Delivery:**
On or before Feb. 10, 2003  (24 Weeks ARO)

(5) **Delayed shipment Penalty:**
Seller shall pay 0.2% of total contract amount per day from June 10, 2003 until delivery is completed to a maximum of 15% of total contract amount. Provided however, in the event that any pending payment due Seller from Purchaser, the delayed shipment penalty charge shall be deducted from the balance payment.

(6) **Warranty:**

    (a) Seller's warranty period is two (2) years from the date of the commodity received by the end user (ROK Navy)

    (b) If any or all of the units are found to be defective by the Korean Navy/DPA, in any way, shape or form, Seller shall repair or replace the defective unit(s) per End-User's request, at the Korean Navy/DPA's sole discretion, at no additional cost to Purchaser. Seller is liable for any damage arising out of this Warranty Clause caused by Seller.

(7) **Payment:**

(a) Purchaser received a copy of the Letter of Credit No. M2001111GS90147 dated Nov. 2, 2001, issued by SEOUL BANK, Applicant the Defense Procurement Agency of Ministry of National Defense, Republic of Korea ("DPA"), Beneficiary Paragon Systems LLC, covering 2 items including the said 8 ea. ROTARY COUPLER, set forth in Article 1 above. A copy of the L/C No. M200111GS90147 is attached hereto and Seller reviewed and accepted all terms & condition set forth in the L/C.

(b) The payment(s) for Seller's shipment(s) for the commodity described in Article 1 of this P.O. shall be made by assignment of proceeds under the Letter of Credit No. 2001111GS90147 after complete shipment. A copy of the application for said assignment of proceeds has been forwarded to Seller as attached hereto. Seller has reviewed and accepted such application.

Provided however, Purchaser shall submit the documents required by the said letter of credit on timely manner, upon completion of shipment by Seller, in order to effect payment.

(c) In the event that Purchaser submits the said application for Assignment of Proceeds to the Bank, Purchaser shall be excluded from any liability or obligation to pay for Seller's shipment for any reason whatsoever.

Accepted by:

Seller:  Diamond Antenna and          Purchaser:  Paragon Systems LLC
         Microwave Corporation

Name:  Jeff Gilling                   Name: Hanna Ahn
Title:   President                    Title:   Partner

(USIO  P O  020820 DIAMOND-2)

Exhibit C

10-16-2002 _____ 19_____

SEOULBANK
NEW YORK AGENCY
280 PARK AVENUE, WEST BLDG., 24th FLOOR
NEW YORK, N.Y. 10017

Re: Credit No. _M200III1GS90147_____ issued by ___Seoul Bank, Seoul Korea_____
IN ACCOUNT of ___Paragon Systems LLC_____ in relation with
Our Advice No. ____NYAD-210140_____.

Gentlemen:

We hereby authorize and direct you to pay the proceeds of each draft, drawn by us, payable to our order, under and in compliance with the above described Letter of Credit (herein called the "Credit") if and when such draft is honored by you, as follows:

(1) _____N/A_____ %; not exceeding _____ _____ _____ or

(2) At the rate of $ _____N/A_____ per _____ ; not exceeding $_____ or

(3) $ __168,184.00__ to:　Citizens Bank. 28 State St., Boston MA
Account # 110781-670-7　ABA# 0115-0012-0
Swift # CTZIUS33 _____ whose address is
Diamond Antenna & Microwave Corporation, 95 Rock Street, Lowell, MA 01854

(herein called the "Designated Payee"), and to pay the balance, if any, of such proceeds to us.

This instrument, and your acceptance thereof, is not a transfer of the Credit, does not give to the designated Payee any interest therein and does not affect our or your right to agree to amendments thereto, the cancellation thereof, or any substitution therefore.

We warrant to you that we have not, and will not, by negotiation of drafts or otherwise, assign the right to receive the whole or any part of such proceeds or give any other authorization or direction to make any payment thereof to any third party.

Please advise the Designated Payee of your acceptance of this instrument and, in consideration thereof, we agree that this instrument is irrevocable.

We transmit to you herewith the Credit (including all amendments, if any) and request you to note thereon the foregoing authorization and direction, and also enclose our check for $ ____420.46_____ to cover your charges.

Very truly yours　　Paragon Systems LLC

UNITI BANK
6301 BEACH BLVD #100
By _____
NAHBEOPA BANK. CA 90621
SIGNATURE OF BENEFICIARY

_____ 19_____

We accept the foregoing instrument.

SEOULBANK
NEW YORK AGENCY

AUTHORIZED SIGNATURE

COPM NY 1M050 (7/82)

Exhibit D

FROM : DIAMOND          FAX NO. : 6028414543          Apr. 16 2005 09:06AM  P3



# Diamond Antenna and Microwave Corporation
## 59 Porter Road, Littleton, Massachusetts 01460, USA
## Ph: 978-486-0039, Fax: 978-486-0069

8 September 2004

Hana Bank
New York Agency
650 Fifth Avenue
New York, New York 10019
Attn: Mr. Lawrence Lee

RE: Letter of Credit M200111GS90147

Dear Mr. Lee:

Since our conversation last month, I have studied with legal counsel the issues of our dispute regarding nonpayment of the above referenced letter of credit issued by your bank for the DPA. I am writing to determine whether both Diamond and Hana Bank can avoid the added time and expense that will be involved in a lawsuit. I am convinced that Diamond will prevail in a lawsuit over this matter but am hopeful that your bank will act reasonably and pay this obligation without further delay.

The facts of this case support Diamond's claim in the following critical areas:

1. All requirements to pay the letter of credit have been met. Delivery of goods and presentation of the required documents have been made.

2. Hana Bank has no credible reason for nonpayment. Hanna Bank's defense for nonpayment is that DPA will not allow payment; this reasoning undermines the essence of a letter of credit.

3. Diamond can pursue legal remedies as a party to the letter of credit. As the recipient of an assignment of proceeds, Diamond can gain standing against Hana Bank both in New York and in Seoul.

**1. The rotary couplers and the certificate of receipt have been received by DPA:**

a. On 8 March 2004, I met with Brigadier General Yong Hwan Kim of the DPA and two other officials in his office in Seoul. At that meeting, BG Kim and the officials confirmed that the rotary couplers were received and that the certificate of receipt was also received. When I asked for a copy of the certificate, they refused pending approval of legal counsel. When I

Received   2005-Apr-16  06:04        From-6028414543              To-Haight Brown & Bones   Page  003

Hana Bank letter                                                        page 2

subsequently sent a fax on 12 July to BG Kim requesting a copy of the certificate (see attached), DPA again declined to provide a copy; however, notice that the response dated 14 July confirms the requested document exists and simply will not be released. This then meets the requirement of your LC that payment shall be made after the applicant has received the certificate of receipt. As described above, your applicant admits possession of the required certificate of receipt.

*+phone conv w/ Song in June* [handwritten margin note]

b. In addition to stating that the rotary couplers had been received during the meeting in Seoul, BG Kim's letter of 7 July 2003 (see attached) confirms receipt of the partial delivery of the contracted items (paragraph 3).

**2. Contractual provisions between DPA and Paragon are not considered in determining your bank's obligation to pay this letter of credit.**

In accordance with Article 3 of UCP 500, contractual provisions are specifically precluded as a basis for nonpayment of letters of credit. While the contract between DPA and Paragon may allow DPA to withhold payment, reference to contract provisions at note 6 of the letter of credit is to be ignored since the letter of credit was issued in accordance with UCP 500.

The letter of credit is a separate contract between your bank and Paragon. If in fact, it was the intention of your bank to issue an instrument that would only pay upon certain contractual performance, then something other than a letter of credit per UCP 500 should have been issued. Indeed, Diamond never would have delivered the goods without reliance on your UCP 500 letter of credit.

**3. Case precedent allows Diamond to sue Hana Bank for payment.**

In accordance with Optopics Laboratories Corp v. Savannah Bank, 816 F. Suppl., 898 (SDNY 1993), international law allows the recipient of an assignment of proceeds from a letter of credit to represent its interests as a party to the underlying letter of credit. Therefore, Diamond can gain standing to pursue legal remedies against your bank for nonpayment under this letter of credit.

Perhaps there is some reasoning that Diamond has not considered. Hopefully you will respond to my request so we can both avoid the time and expense of a lawsuit. In fact, Diamond's lawsuit will request that legal fees and triple damages be awarded by the court.

I look forward to a timely response from you regarding this matter.

Sincerely,

Jeffrey T. Gilling
President and CEO

HB Doc. No. 167776

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
Diamond Antenna & Microwave Corp.,

                                            Plaintiff,

                    - against -

SeoulBank n/k/a Hana Bank; Seoul Bank New York
Agency n/k/a Hana Bank; Uniti Bank; Paragon Systems,
LLC; Hanna Ahn, individually; and John Ahn,
Individually,

                                       Defendants.
-------------------------------------------------------------------------x

Case No.

**SUMMONS AND
COMPLAINT**


                        **HARRIS BEACH PLLC**
                          Attorneys for Plaintiff
       **DIAMOND ANTENNA & MICROWAVE CORP.**
                          805 Third Avenue
                 New York, New York 10022
                     (212) 687-0100